JERRY E. SMITH, Circuit Judge,
joined by EDITH H. JONES and EDITH BROWN CLEMENT, Circuit Judges, dissenting:
We respectfully dissent for the reasons ably explained by Judges JONES, CLEMENT, and ELROD.
The en banc court is gravely fractured and without a consensus. There is no majority opinion, but only a plurality opinion that draws six separate dissenting opinions and a special concurrence.[1]
Despite deep divisions on key questions, however, the en banc court is unanimous in roundly repudiating the district court for legal error on some issues. Most significantly, the district judge attempted to wipe the Texas voter ID law entirely off the books — a remedy that the majority rightly observes “is potentially broader than the one to which Plaintiffs would be entitled .... ” (Page 77.) The en banc court instead leaves the voter ID requirement essentially intact. In reversing, all fifteen judges agree that, in the words of the plurality opinion, “the vast majority of eligible voters possess SB 14 ID, and we do not disturb SB 14’s effect on those voters — those who have SB 14 ID must show it to vote.” (Page 82.) That is a global change from what the district court ruled.
The en banc court is likewise unanimous in reversing the district judge’s bizarre declaration that SB 14 is a poll tax. (Part IV.) That is a frivolous claim that never should have seen the light of day. Her *319 holding reveals this judge’s apparent opinion that Texas legislators and state officials are hayseed bigots determined to return minority voters to the back of the bus.
The unanimous court likewise clips the district judge’s wings by vacating her gratuitous holding — in violation of the rule of constitutional avoidance — -that SB 14 burdens the right to vote in violation of the First and Fourteenth Amendments. (Part III.) The plurality opinion properly dismisses those claims, criticizing the district court for ignoring the “well established principle governing the prudent exercise of ... jurisdiction that [federal courts] will not decide a constitutional question if there is some other ground ....” (Page 71.)
The plurality opinion, although charitably allowing the district judge a second chance to review existing evidence, also roundly and repeatedly scolds her for mishandling that evidence and making erroneous findings therefrom. For example, the plurality aptly declares that “some [of the] findings are infirm.” (Page 10.) Some “findings are infirm because of an erroneous view of the law.” (Page 10.) “[W]e hold that much of the evidence upon which the district court relied was infirm.” (Page 13.) “Because the district court relied upon evidence we conclude is infirm, the district court’s opinion cannot stand as written.” (Page 18.) “[T]he district court’s analysis contained some legal infirmities.” (Page 19.) “[S]ome of the evidence on which the district court relied was infirm.” (Page 30.) The plurality gives the district court “instructions ... about the legal infirmities in its initial findings.” (Page 32.) The judge is told “to reevaluate the evidence” (Page 32) in accordance with “the appropriate legal standards” (Page 31). The plurality sternly rejects the judge’s use of suspect evidence: “[W]e do not agree that such anecdotal evidence of racial campaign appeals shows that SB 14 denies or abridges the right to vote.” (Page 64.)
In sum, the vast majority of the judges on the en banc court have declared the district judge to have substantially erred in myriad legal conclusions and use of evidence, and the court is unanimous in several of those reversals. The district court is well-advised to avoid such regrettable misadventure on remand.

. This case is an apt candidate for the well-worn saying, "You can’t tell the players without a scorecard.” Harry Stevens is credited with coming up with these words. Sometimes thought to be the inventor of the hot dog, he sold refreshments at Major League Baseball games in the early 1900s. "He also began to sell scorecards to fans with the phrase [‘]Yom can't tell the players without a scorecard.['Y' Harry M. Stevens, Wikipedia, https://en. wikipedia.org/wiki/Harry_M._Stevens (last modified July 5, 2016).